UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI CASEY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DNOW, L.P., and Does 1-25,<br><br>　　　　Defendants. | CASE NO.: 1:15-CV-01899-DAD-JLT<br><br>**ORDER DENYING THE STIPULATION TO AMEND THE CASE SCHEDULE**<br><br>(Doc. 30) |

Counsel have filed a stipulation to amend the case schedule. (Doc. 30) They have agreed to engage in mediation and wish, in essence, to stay the case until the mediation is completed in February 2017. Id. at 2. Though the Court applauds the parties' willingness to find a compromise to resolve their dispute, it cannot grant the amendment they seek. The proposed schedule is unworkable for the Court and counsel have failed to detail why the mediation has been delayed so significantly. Therefore, the stipulation to amend the case schedule is **DENIED**.

I.   **The scheduling order**

The Court issued the scheduling order on March 10, 2016 after conferring with counsel as to the dates that would best move this case fairly and efficiently through completion. (Doc. 12) In issuing the case schedule, the Court ordered,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by**

1

1
2
>    **stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

3  Id. at 8.  Despite this, the current stipulation fails to demonstrate good cause to amend the case

4  schedule.  Good cause is shown by demonstrating the parties acted diligently to meet the deadlines

5  in place. ". . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party

6  seeking the amendment. The district court may modify the pretrial schedule "if it cannot

7  reasonably be met despite the diligence of the party seeking the extension."  Fed.R.Civ.P. 16

8  advisory committee's notes (1983 amendment). In part, the "good cause" standard requires the

9  parties demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur,

10 notwithstanding her diligent efforts to comply, because of the development of matters which could

11 not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference

12 . . ." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999); see Marcum v. Zimmer, 163

13 F.R.D. 250, 254 (S.D. W.Va. 1995).

14     The situation in this case is not one in which the parties cannot meet their deadlines;

15 rather, the parties prefer not to meet the deadlines to avoid the costs of doing so until after the

16 scheduled mediation.  Though this is a laudable goal, they fail to explain why they did not

17 schedule the mediation earlier so that there would not be a three-month period in which nothing

18 occurs.  Moreover, the choice to engage in settlement discussions is not an unforeseen

19 circumstance that could not have been reasonably anticipated at the time of the scheduling

20 conference.  Had counsel wished, they could have included time in the case schedule to conduct

21 the mediation without impacting their discovery deadlines.

22     On the other hand, the schedule counsel propose leaves insufficient time for the court to

23 determine a dispositive motion if there is one and leaves too little time between the a ruling on a

24 dispositive motion and the pretrial conference.  Though the Court is willing to consider amending

25 the schedule to help meet the parties' goals, the parties would need to consider whether they would

26 be willing to forgo dispositive motions or whether they would be prepared to file dispositive

27 motions before conducting expert discovery and whether they would agree to having

28

nondispositive motions decided concurrently with dispositive motions. Absent these concessions, there is simply insufficient time left in the schedule to allow the parties to take the "discovery hiatus" they propose. Therefore, the stipulation to amend the case schedule is **DENIED without prejudice.**

IT IS SO ORDERED.

Dated:   **November 29, 2016**          /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE

3